ISHEE, J.,
for the Court.
¶ 1. Patrick Fluker filed a pro se motion for post-conviction relief in the Circuit Court of Forrest County. The circuit court summarily dismissed Fluker’s motion in a memorandum and order filed on June 5, 2007. Aggrieved, Fluker appeals asserting that his sentence illegally exceeded the statutory maximum under Mississippi Code Annotated section 97-3-73 (Rev.2006), and therefore, it was illegal for the circuit court to institute and then revoke his post-release supervision. Fluker also argues that he should receive credit toward his jail time for the time he spent on post-release supervision.
¶ 2. Finding no merit to Fluker’s issue on appeal, we affirm the judgment of the circuit court dismissing Fluker’s motion for post-conviction relief.
FACTS AND PROCEDURAL HISTORY
¶ 3. Fluker was indicted on one count of armed robbery by a Forrest County grand jury. Subsequently, the district attorney negotiated a plea deal in which he agreed to reduce the charge in Fluker’s indictment to robbery. On December 17, 2003, Fluker pleaded guilty in the Circuit Court of Forrest County to robbery pursuant to Mississippi Code Annotated section 97-3-73. The circuit court sentenced Fluker to the maximum term of fifteen years in the custody of the Mississippi Department of Corrections, with three years to serve, twelve years suspended, and four years of post-release supervision. Specifically, the circuit court ordered that:
[U]pon successful completion of the service of three (3) years, the remaining (12) years of the fifteen (15) year sentence ... are hereby suspended pursuant and in conformity with the Post-Release Supervision set out and authorized in Miss.Code Ann. § 47-7-34 (1972) as amended.
If [Fluker] meets all of the above conditions, then the remaining twelve (12) years of the fifteen (15) year sentence ... are hereby suspended and [Fluker] shall be placed on PosNRelease Supervision upon the following terms and conditions for a period of four (4) years....
The violation of any one of the above enumerated conditions shall violate the terms and conditions of [Fluker’s] Post-Release Supervision and the Court shall have the authority to revoke the defendant from Post-Release Supervision and remand him back into the custody of the MDOC to serve all of the remaining years left of his fifteen-year sentence.
¶ 4. Following Fluker’s guilty plea, he served his time in jail until March 14, 2005, at which point he was placed on earned-release supervision. Thereafter, Fluker was arrested again for armed robbery and possession of a weapon by a convicted felon. Following a hearing, the circuit court found that Fluker had violated the terms of his post-release supervision, and the court revoked Fluker’s twelve-year suspended sentence. Specifically, the circuit court found that Fluker violated the following two conditions of his post-conviction relief: condition (a) — commit no offense against the laws of this State, and condition (b) — avoid injurious or vicious habits. The circuit court ordered that Fluker be remanded into the custody of the MDOC, and the court ordered him to serve the remaining twelve years of his *719 original fifteen-year sentence.[1]
¶ 5. Fluker concedes that he completed his three-year sentence, was released from the custody of the MDOC, and was placed on post-release supervision.
¶ 6. On January 10, 2007, Fluker filed his motion for post-conviction relief asserting that the trial court lacked authority to impose the original sentence because it exceeded the maximum authorized sentence for robbery and that his post-release supervision was unlawfully revoked. After reviewing the evidence, the circuit court found that Fluker’s issues were without merit and that he was not entitled to relief. The trial court summarily dismissed the motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2007). Fluker then timely filed the present appeal.
STANDARD OF REVIEW
¶ 7. We will not reverse the dismissal of a motion for post-conviction relief by a circuit court absent a finding that the circuit court’s ruling was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, where questions of law are raised, they are reviewed de novo. Id.
DISCUSSION
I. Whether Fluker’s sentence exceeded the maximum term prescribed by statute, and whether it was, therefore, error for the circuit court to institute and revoke his sentence.

A. Maximum Sentence

¶ 8. Fluker argues that his sentence was illegal because it exceeded the maximum term allowed by law; therefore, any revocation of his suspended sentence was also illegal. The maximum sentence that a circuit judge may impose for the crime of robbery is fifteen years. Miss. Code Ann. § 97-3-75 (Rev.2006). Fluker contends that his total sentence of fifteen years, consisting of three to serve, twelve suspended, and four on post-release supervision, actually exceeds the statutory maximum because it equates to a nineteen-year sentence. Under his logic, Fluker argues that his four years of post-release supervision should be construed as an additional term of years that the circuit court added onto his fifteen-year sentence rather than running concurrent with it.
¶ 9. Fluker is correct in his assertion that Mississippi Code Annotated section 47-7-34(1) (Rev.2004) provides that “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” However, he is misguided in his belief that the time he spent on post-release supervision should be construed as additional time on his total sentence. This Court has previously held that: “Time spent on probation is not included in the calculation of the maximum allowable sentence.” Brown v. State, 872 So.2d 96, 99 (¶ 10) (Miss.Ct.App.2004) (citing Carter v. State, 754 So.2d 1207, 1210 (¶ 8) (Miss.2000)). Therefore, the practical effect of the circuit judge’s fifteen-year total sentence was that: (1) Fluker would serve three years of actual incarceration; (2) upon his release, the remaining twelve years would be suspended; (3) during this time, Fluker would be subject to four years of post-release supervision pursuant to section 47-7-34; and (4) in the event that Fluker violated any of the terms of *720 his post-release supervision, the court would have the authority to terminate his post-release supervision and reinstate his twelve-year suspended sentence pursuant to section 47-7-34(2). In essence, Fluker’s four years of post-release supervision were inherent in the twelve years that his sentence was suspended and not separate from it. Accordingly, Fluker’s sentence of three years to serve, twelve years suspended, and four years of post-release supervision is within the fifteen years allowable under section 97-3-75. This issue is without merit.

B. Revocation

¶ 10. We have found that Fluker’s sentence did not exceed the maximum allowable sentence as provided for in section 97-3-75. Accordingly, we find no merit to Fluker’s argument that because his sentence exceeded the time allowed by the statute, his post-release supervision was illegally instituted and revoked.
II. Whether Fluker should receive credit for the time he was out of prison.
¶ 11. Lastly, Fluker argues that the circuit court should have credited the time Fluker spent “on the street” during his short period of post-release supervision to his time served, thereby reducing the term of his sentence that could be reinstated.
¶ 12. We have recognized that: Post-release supervision revocation is to be followed just as probation according to Mississippi Code Annotated section 47-7-34(2), and under the probation revocation statute Mississippi Code Annotated section 47-7-37, any sentence suspended that could be imposed at the time of sentencing can be imposed on a showing that the petitioner has violated the terms of his probation.
Brown, 872 So.2d at 99(¶ 13). “[AJfter probation is revoked the court ‘may impose any part of the sentence which might have been imposed at the time of conviction.’ ” Id. at 100(¶ 14) (quoting Johnson v. State, 802 So.2d 110, 112(¶10) (Miss.Ct.App.2001)). Fluker does not dispute that he violated his post-release supervision. Therefore, pursuant to Mississippi Code Annotated section 47-7-37 (Supp.2007), the circuit court had the right to reimpose the previously suspended twelve-year sentence. Further, in reinstating Fluker’s sentence, the circuit court was under no duty to count his period of supervised release as time served. “[A] probationary period does not equal time served.” Carter, 754 So.2d at 1209(¶ 7). Accordingly, we find no merit to Fluker’s argument that he should receive credit for the time he spent on post-release supervision.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.

. Fluker also received a twenty-year sentence for the May 5, 2005, armed robbery that he does not dispute.