ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Michael Gibson, appearing pro se, appeals the Circuit Court of Jackson County’s denial of his motion for post-conviction relief. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On February 2, 2006, Gibson pleaded guilty to robbery and shooting into a dwelling. He was sentenced to eight years for the charge of robbery and eight years for the charge of shooting into a dwelling, all in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently. The sentence included four years suspended and four years to serve, with three years of Post-Release Supervision (PRS). The sentencing order specifically stated the following:
 

 Failure of the defendant to comply with the terms and conditions of Post-Release Supervision shall be grounds for this court to terminate the period of Post-Release Supervision and recommit the defendant to the correctional facility from which he was previously released for a period not to exceed the full term of Post-Release Supervision stated in this order.
 

 ¶ 3. On August 31, 2007, the trial court revoked Gibson’s PRS due to his failure to comply with the PRS terms and conditions. In the revocation order, the trial court sentenced him to the remainder of his “original sentence.” On September 25, 2007, Gibson’s attorney filed a motion to correct and clarify the revocation order, alleging Gibson could only be revoked to a maximum term of three years. The trial court denied the motion on the ground that the sentencing order did not specifically limit the amount of time which could be revoked. The trial court further clarified that Gibson was to serve the remainder of his original eight-year sentence.
 

 ¶ 4. Gibson then filed a pro se motion, again asserting that his sentence could only be revoked to a maximum of three years and that to order otherwise would be a breach of an alleged plea-bargain agreement. He also claimed ineffective assistance of counsel, arguing that his attorney had advised him that his sentence could not be revoked to serve the remainder of his eight-year sentence, but rather the four-year suspended term. The trial court denied the motion. In its order, the trial court indicated that any questions as to Gibson’s revocation period were previously ruled upon and that the motion was, therefore, a successive writ and without merit. Aggrieved, Gibson now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court will not disturb a trial court’s denial of a motion for post-conviction relief unless the decision is clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999). Nonetheless, questions of law are reviewed de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 6. According to Mississippi Code Annotated section 99-39-23(6), second or successive motions for post-conviction relief
 
 *1166
 
 are barred as a matter of law. Unless a prisoner can show the existence of newly-discovered evidence that would alter the outcome of the prisoner’s sentence; an intervening decision from the United States Supreme Court or State of Mississippi; or, in the case of a prisoner who has filed a prior petition requesting DNA testing, DNA test results that were not previously presented or available, then successive motions for post-conviction relief are prohibited. Miss.Code Ann. § 99-39-23(6) (Supp.2009).
 

 ¶ 7. Gibson’s most recent pro se motion for post-conviction relief reiterates arguments asserted in his prior motion to correct/clarify the revocation order. Both motions contain identical requests for post-conviction relief. The record and the trial court’s order denying Gibson’s pro se motion reflect that the motion was a second, or successive, motion for post-conviction relief. Therefore, Gibson’s pro se motion is statutorily barred.
 

 ¶ 8. Additionally, Gibson’s arguments regarding an alleged breach of a plea-bargain agreement and alleged ineffective assistance of counsel are without merit. Accordingly, we find the trial court’s denial of Gibson’s pro se motion for post-conviction relief proper.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.