GRIFFIS, P.J.,
for the Court:
¶ 1. Patrick Fluker appeals the dismissal of his motion for post-conviction collateral relief (PCCR). Fluker argues that the trial court lacked the authority to revoke his post-release supervision and that his claim is not subject to the procedural time-bar. We find no error and affirm.
FACTS
¶ 2. Fluker was indicted for armed robbery. On December 17, 2003, Fluker pled guilty to one count of robbery, pursuant to Mississippi Code Annotated section 97-3-73 (Rev.2006). Fluker was then sentenced to the maximum term of fifteen years in the custody of the Mississippi Department of Corrections (“MDOC”), with three years to serve, twelve years suspended, and four years of post-release supervision (“PRS”).
¶ 3. Fluker was incarcerated until March 14, 2005. He was then placed on earned-release supervision (“ERS”). Fluker received an ERS discharge certifi *519 cate on April 18, 2005, and he was officially released from MDOC custody on April 23, 2005. This completed his time to serve with MDOC, and his four-year term of PRS began.
¶ 4. He was arrested again on May 5, 2005. He was charged with armed robbery and felon in possession of a weapon. The State sought to revoke his PRS and reimpose his suspended sentence of twelve years. On June 23, 2005, the trial court found that he had violated the terms of his PRS, and his suspended sentence was revoked. The trial court ordered him to serve the remaining twelve years of his sentence.[1] Fluker was again placed in MDOC’s custody.
¶ 5. On January 10, 2007, Fluker filed a PCCR motion. He claimed that the trial court lacked the authority to impose his original sentence, because it exceeded the maximum sentence authorized for robbery, and that his PRS was unlawfully revoked. Fluker v. State, 2 So.3d 717, 719 (¶ 6) (Miss.Ct.App.2008). The trial court found these issues to be without merit and that Fluker was not entitled to relief. Id. The trial court summarily dismissed the motion, pursuant to Mississippi Code Annotated section 99-39-11(2) (Supp.2013). Fluker, 2 So.3d at 719 (¶ 6). On appeal, this Court affirmed. Id. at 718 (¶ 2).
¶ 6. On July 25, 2012, Fluker filed another PCCR motion. This motion was filed seven years after his PRS was revoked. The trial court summarily dismissed Fluker’s motion. It is from this judgment Fluker now appeals.
STANDARD OF REVIEW
¶ 7. This Court will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011). When reviewing questions of law, this Court’s standard of review is de novo. Id.
ANALYSIS

I. Whether the circuit court had jurisdiction to revoke Fluker’s PRS.

¶ 8. We begin with Fluker’s claim that the circuit court did not have subject-matter jurisdiction to revoke his PRS. Fluker argues that he was on ERS at the time he was arrested, rather than on PRS. Thus, he claims that only MDOC had the authority to conduct his revocation hearing, and not the trial court. To resolve this issue, we must clearly distinguish ERS from PRS.
¶ 9. ERS (earned-release supervision) is governed by Mississippi Code Annotated section 47-5-138(6) (Supp.2013):
Any inmate, who is released before the expiration of his term of sentence under this section, shall be placed under earned-release supervision until the expiration of the term of sentence. The inmate shall retain inmate status and remain under the jurisdiction of the department. The period of earned-release supervision shall be conducted in the same manner as a period of supervised parole. The department shall develop rules, terms. and conditions for the earned-release supervision program. The commissioner shall designate the appropriate hearing officer within the department to conduct revocation hearings for inmates violating the conditions of earned-release supervision.
ERS is a program where an inmate has been released from incarceration prior to *520 the expiration of his sentence. During release, the inmate retains “inmate” status, and his conduct is controlled by MDOC. If the inmate violates a condition of ERS, MDOC has jurisdiction and conducts a revocation hearing. MDOC may then revoke the inmate’s ERS status. If the inmate’s ERS status is revoked, the inmate will then serve the remainder of his sentence in MDOC’s custody. See Miss. Code Ann. § 47-5-138(6); Sobrado v. State, 2012-CP-00484-COA, 168 So.3d 1114, 1118-19, 2014 WL 605675, at *3 (¶ 15) (Miss.Ct.App. Feb. 18, 2014).
¶ 10. PRS (post-release supervision) is governed by Mississippi Code Annotated section 47-7-37 (Rev.2011):
The court, in term time or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
PRS is a program where an offender has completed his sentence with MDOC as an inmate, and he is released on probation. PRS is subject to conditions and terms imposed by the circuit court. If a probationer violates the terms of his PRS, the circuit court has jurisdiction and authority to revoke his PRS after a revocation hearing. The circuit court may then impose any portion of the sentence imposed at the time of conviction. Sobrado, 168 So.3d at 1118-19, 2014 WL 605675, at *3 (¶16).
¶ 11. An inmate on ERS may not also be on PRS. Id. An individual “cannot violate a condition of [PRS] that does not [yet] exist.” Id. at (¶ 17) (quoting Smith v. State, 742 So.2d 1146, 1148 (¶ 11) (Miss.1999)).
¶ 12. When Fluker pled guilty and was sentenced on December 17, 2003, he was notified that he would be placed on PRS for four years after he completed his three-year sentence with MDOC. After he received his official discharge from MDOC, Fluker was no longer on ERS but was on PRS. The terms and conditions of his PRS included that he “commit no offense against the laws of this or any other state of the United States, or the laws of the United States; [and that he] avoid injurious or vicious habits and persons and places of disreputable or harmful character.” Once Fluker was arrested while on PRS, the circuit court had the authority and jurisdiction to revoke his suspended sentence. See Miss.Code Ann. § 47-7-37. After a hearing, the circuit court did just that. We find no merit to this issue.

II. Whether Fluker’s PCCR motion is 'procedurally barred.

¶ 13. Next, the trial court found that Fluker’s PCCR motion was procedurally barred as a successive writ, pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2013), and did not consider Fluker’s claim of an illegal sentence.
¶ 14. Fluker’s PRS was revoked on June 23, 2005, and he was ordered to serve the remaining twelve years of his sentence. Fluker then filed a PCCR motion on January 10, 2007. The motion was summarily dismissed in November 2008, and this Court affirmed the decision on appeal. Fluker, 2 So.3d at 719-20 (¶¶ 6,13).
¶ 15. In its order that dismissed the instant PCCR motion, the circuit court held:
The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to “take a bite at the apple.”
*521 Mississippi Code Annotated section 99-39-23(6) applies to successive writs and provides that an issue raised by a prisoner and addressed in a final judgment with specific findings of facts and conclusions of law cannot be raised by the movant again. Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ....
¶ 16. Section 99-39-23(6) provides: The order as provided in subsection (5) of this section or any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.... Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Here, Fluker argues that his conditional release has been unlawfully revoked. Thus, Fluker is technically correct that his claim that his conditional release was unlawfully revoked is excepted from the successive-writ bar of section 99-39-23(6). However, this very issue was asserted by Fluker in the PCC|t motion that he filed on January 10, 2007. The trial court rejected the claim in its November 2008 order, and this Court affirmed. Fluker, 2 So.3d at 719-20 (¶¶ 6, 13). We find that res judicata prevents the relitigation of this issue.
¶ 17. We also address the time limitation on PCCR claims. Mississippi Code Annotated section 99-39-5(2) (Supp.2013) provides:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate ... that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 18. Fluker’s 2007 PCCR motion was filed within three years. The instant motion was filed over seven years after his PRS was revoked. Section 99-39-5(2) does not allow an unlimited period of time for Fluker to file for post-conviction collateral relief. Section 99-39-5(2) specifically reads “[ejxcepted from this three-year statute of limitations,” and this refers to the three-year time-bar of section 99-39-5(2). It does not provide Fluker an exception to the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev.2012). Otherwise, any prisoner who claims that his conditional release has been unlawfully revoked has no statute of limitations and can bring his claims decades after his revocation. Such is not the case.
¶ 19. We find that the trial court was correct to conclude that Fluker’s PCCR motion was procedurally barred.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, *522 FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Fluker also pled guilty and was sentenced to a consecutive' term of twenty years for the May 2005 armed robbery.