# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00608-SCT

*PATRICK FLUKER a/k/a PATRICK DANTRE*
*FLUKER a/k/a PATRICK D. FLUKER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                03/26/2013
TRIAL JUDGE:                     HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:       FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          PATRICK FLUKER (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ELLIOTT GEORGE FLAGGS
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 06/11/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    Patrick Fluker filed a motion for post-conviction relief (PCR) in the Circuit Court of

Forrest County. The circuit court found his motion to be procedurally barred as a successive

pleading and dismissed it. Fluker appealed, and this Court assigned his appeal to the Court

of Appeals. The Court of Appeals affirmed the dismissal of the motion for PCR. This Court

granted Fluker's petition for certiorari. We affirm the judgments of the Court of Appeals and

the Circuit Court of Forrest County, but clarify and correct the analysis of the law provided

by the Court of Appeals.

## FACTS

¶2.    A grand jury indicted Fluker for one count of armed robbery. As the result of plea bargaining, Fluker entered a guilty plea to robbery. The circuit court sentenced him to the maximum of fifteen years with three years to serve, twelve years suspended, and four years on post-release supervision.

¶3.    Fluker was incarcerated until March 14, 2005, when he was placed on earned-release supervision. On April 18, 2005, Fluker was discharged from earned-release supervision. The Mississippi Department of Corrections (MDOC) officially released him from its custody on April 23, 2005, and he was placed on post-release supervision. On May 5, 2005, Fluker was arrested and charged with armed robbery and being a felon in possession of a weapon. On June 23, 2005, the circuit court found that he had violated the terms of his post-release supervision. The court revoked Fluker's post-release supervision and imposed his suspended sentence, ordering him to serve twelve years.

¶4.    Fluker filed his first motion for PCR, *pro se*, on January 10, 2007. ***Fluker v. State***, 2 So. 3d 717, 719 (Miss. Ct. App. 2008). In it, Fluker argued that, because his sentence exceeded the maximum sentence for robbery, it was illegal and the revocation of his post-release supervision also was illegal. ***Id.*** He also argued that the circuit court should have given him credit for the time he had spent on post-release supervision. ***Id.*** at 720. The circuit court dismissed his motion for PCR, and the Court of Appeals affirmed. ***Id.*** at 719, 720. The Court of Appeals found that, because Fluker's sentence did not exceed the maximum sentence for robbery, it was a legal sentence and the revocation of his post-release

2

supervision was not illegal. *Id.* at 719-20. The Court of Appeals also found that, because a probationary period is not counted as time served, the circuit court did not err by failing to give Fluker credit for the few days he had spent on post-release supervision. *Id.* at 720.

¶5. Fluker filed his second motion for PCR on July 25, 2012. In this *pro se* motion, Fluker argued that, at the time of his armed-robbery arrest on May 5, 2005, he was on earned-release supervision and subject to the exclusive jurisdiction of the MDOC. He argued that, because he was not on post-release supervision, the circuit court lacked jurisdiction to revoke his conditional release and impose his suspended sentence. Fluker also argued that, because he claimed an illegal sentence, his motion for PCR should be excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA).

¶6. The circuit court dismissed the motion for PCR as a successive pleading, and the Court of Appeals affirmed. *Fluker v. State*, 2014 WL 2723882, at \*4 (Miss. Ct. App. June 17, 2014). The Court of Appeals held that Fluker's illegal-sentence claim was without merit because the record showed that Fluker had been discharged from earned-release supervision and was on post-release supervision at the time of his arrest. *Fluker*, 2014 WL 2723882, at \*2. The Court of Appeals also held that, because this was Fluker's second motion for PCR challenging the revocation of his post-release supervision, it was barred by *res judicata*. *Fluker*, 2014 WL 2723882, at \*3. The Court of Appeals also found Fluker's motion for PCR was barred by the general three-year statute of limitations under Mississippi Code Section 15-1-49. *Fluker*, 2014 WL 2723882, at \*4.

**STANDARD OF REVIEW**

3

¶7.    A motion for PCR may be summarily dismissed "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief . . . ." Miss. Code Ann. § 99-39-11(2) (Rev. 2007). This Court will reverse the summary dismissal of a motion for PCR if the motion presents "a claim procedurally alive 'substantial[ly] showing denial of a state or federal right.'" *Smith v. State*, 149 So. 3d 1027 (quoting *Gable v. State*, 748 So. 2d 703, 704 (Miss. 1999)).

## DISCUSSION

¶8.    The Court of Appeals correctly found that Fluker's motion for PCR was procedurally barred, but it erred in its analysis of the procedural bars. Both the time bar and the successive-pleadings bar of the UPCCRA have exceptions for claims that the movant's conditional release was unlawfully revoked. Mississippi Code Section 99-39-5(2), which prescribes the time for filing a motion for PCR, states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
>
> > (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

4

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) *Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.* Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2) (Supp. 2014) (emphasis added). Section 99-39-23(6), which bars successive pleadings, states that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2007). Section 99-39-23(6) contains an exception to the successive-pleadings bar for "those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." *Id.*

¶9. Fluker's first motion for PCR attacked the circuit court's revocation of his post-release supervision, a form of conditional release. Fluker's second motion for PCR also challenged the revocation decision, although on different grounds. The Court of Appeals held that Section 99-39-23(6) excepted the second motion for PCR from the successive-pleadings bar, but that common-law *res judicata* nonetheless prevented the relitigation of the revocation issue. Fluker's claim that the circuit court illegally revoked his post-release supervision and

5

imposed his suspended sentence was a claim of an illegal sentence. In ***Smith v. State***, 149 So. 3d 1027, 1032 (Miss. 2014), this Court held that the common-law doctrine of *res judicata* does not apply to post-conviction claims of constitutional dimensions. Rather, *res judicata* concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar. ***Id.*** at 1031. Therefore, this issue is properly resolved by applying the statutory successive pleadings bar, not *res judicata*.

¶10.    The Court of Appeals' decision failed to recognize other decisions of the Court of Appeals holding that a second or subsequent challenge to the same revocation decision is barred as a successive motion under Section 99-39-23(6). In ***Gibson v. State***, the Court of Appeals held that a second motion for PCR that reiterated the same challenge to a revocation decision as a former motion for PCR was statutorily barred as a successive motion. ***Gibson v. State***, 49 So. 3d 1164, 1166 (Miss. Ct. App. 2010). In ***Lyons v. State***, addressing a second motion for PCR that challenged the same revocation decision as a former motion, the Court of Appeals stated:

> [w]e do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided. To the contrary, we have previously stated, "[t]he exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court."

***Lyons***, 990 So. 2d 262, 265 (quoting ***Retherford v. State***, 749 So. 2d 269, 273-74 (Miss. Ct. App. 1999)). We find this reasoning to be sound and hold that Fluker's second post-conviction challenge to the same revocation decision that he attacked in his first motion for PCR was barred as a successive pleading under Section 99-39-23(6).

¶11. We turn to Fluker's claim that his motion for PCR implicates the fundamental-rights exception to the procedural bars. Although "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA," *Rowland v. State*, 42 So. 3d 503, 506 (Miss. 2010), "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Means*, 43 So. 3d at 442 (quoting *Crosby v. State*, 16 So. 3d 74, 79 (Miss. Ct. App. 2009)). As the Court of Appeals correctly held, Fluker's claim that the circuit court lacked jurisdiction to revoke his post-release supervision because he was on earned-release supervision is belied by the record showing he was on post-release supervision on the day of his arrest. Therefore, Fluker has not made a showing sufficient to implicate the fundamental-rights exception to the successive-pleadings bar.

¶12. The Court of Appeals also erred in its analysis of the limitations period applicable to Fluker's second motion for PCR. This motion for PCR was filed more than seven years after the revocation decision. The Court of Appeals correctly found that, because Fluker claimed that his conditional release had been unlawfully revoked, his motion for PCR was excepted from the time bar. *Fluker*, 2014 WL 2723882, at *4 (citing Miss. Code Ann. § 99-39-5(2)). But the Court of Appeals went on to state that "Section 99-39-5(2) does not allow an unlimited period of time for Fluker to file for post-conviction collateral relief." *Fluker*, 2014 WL 2723882, at *4. The Court of Appeals held that, although Section 99-39-5(2) provides an exception to the time bar for a claim that conditional release was unlawfully revoked, "[i]t

7

does not provide Fluker an exception to the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev. 2012). Otherwise, any prisoner who claims that his conditional release has been unlawfully revoked has no statute of limitations and can bring his claims decades after revocation." *Fluker*, 2014 WL 2723882, at *4.

¶13. The Court of Appeals erred by finding that the general, catch-all, three-year statute of limitations for civil claims applies to a motion for PCR. Mississippi Code Section 15-1-49 states:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
>
> (3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.

Miss. Code Ann. § 15-1-49 (Rev. 2012). Section 15-1-49 states that it applies to "[a]ll actions for which no other period of limitation is prescribed." *Id.* The UPCCRA prescribes a three-year statute of limitations for motions for PCR. Miss. Code Ann. § 99-39-5(2) (Rev. 2007). It is true that, because the UPCCRA excepts certain claims from this three-year statute of limitations, those claims have no statutory limitations period. But the UPCCRA is the "exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2007). In enacting the UPCCRA, the Legislature crafted exceptions to the three-year limitations period for certain claims. Due to the exclusivity of

8

the UPCCRA, these exceptions cannot be defeated by the general, three-year statute of limitations. To so hold would subvert the Legislature's enactment of "an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1). The Court of Appeals erred by finding that Fluker's claim was barred by Section 15-1-49.

## CONCLUSION

¶14.    The analytical errors by the Court of Appeals do not require the reversal of its decision. Fluker's motion for PCR was barred as a successive pleading and did not implicate the fundamental-rights exception to the successive-pleadings bar. Due to the exclusivity of the UPCCRA, Fluker's motion for PCR was not subject to the general, three-year statute of limitations. We affirm the judgment of the Court of Appeals and the judgment of the Circuit Court of Forrest County.

¶15.    **AFFIRMED.**

   **WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J.  LAMAR, J., NOT PARTICIPATING.**

   **KITCHENS, JUSTICE, DISSENTING:**

¶16.    I respectfully dissent for two reasons. First, I do not agree that Fluker's claims before this Court are barred by either the statutory successive pleadings bar or common law *res judicata*. Second, this Court's approval of the summary dismissal of Fluker's due process claim is premature, because the record before us is silent with regard to the question of

9

whether the revocation of Fluker's conditional release comported with federal and state due process requirements.

¶17. At the outset, the majority recognizes that Fluker's second challenge to the revocation of his post-release supervision articulated "different grounds" from his prior motion for post-conviction relief (PCR). Maj. Op. ¶ 9. Yet the majority finds, pursuant to the successive pleadings bar of Mississippi Code Section 99-39-23(6) (Rev. 2007), that Fluker's "challenge to the same revocation decision that he attacked in his first motion for PCR was barred . . . ." Maj. Op. ¶ 10. Section 99-39-23(6) provides that an order denying a prisoner's request for PCR "is a final judgment and shall be conclusive until reversed" and that "[i]t shall be a bar to a second or successive motion . . . ." Miss. Code Ann. § 99-39-23(6) (Rev. 2007). Excepted from the successive pleadings bar "are those cases in which the petitioner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked." *Id.*

¶18. The majority disagrees with the analysis of the Court of Appeals for the purpose of noting that "the common-law doctrine of *res judicata*[1] does not apply to post-conviction claims of constitutional dimensions. Rather, *res judicata* concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar." Maj. Op. ¶ 9 (citing ***Smith v. State***, 149 So. 3d 1027, 1031-32 (Miss. 2014)). And the majority holds, based on decisions from our Court of Appeals, that the exception found in Section 99-39-23(6) does

[1]The Court of Appeals found that Fluker's second claim was excepted from the statutory successive pleadings bar under Section 99-39-23(6), but that it was barred under the doctrine of common law *res judicata*. ***Fluker v. State***, 2014 WL 2723882, *3 (Miss. Ct. App. Jun. 17, 2014).

10

not apply when a prisoner files a second PCR motion alleging the same claim. *See Gibson v. State*, 49 So. 3d 1164, 1166 (Miss. Ct. App. 2010) (Successive motions for PCR are prohibited under Mississippi Code Section 99-39-23(6) where "[b]oth motions contain identical requests for post-conviction relief."); *Lyons v. State*, 990 So. 2d 262, 265 (Miss. Ct. App. 2008) ("We do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided."); *Retherford v. State*, 749 So. 2d 269, 273-74 (Miss. Ct. App. 1999) ("The exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court.").

¶19.   Neither common law *res judicata* nor the statutory successive pleadings bar applies here, since Fluker raised two distinct issues in each of his petitions for PCR. In his first, filed in January 2007, Fluker argued that "the trial court lacked authority to impose the original sentence because it exceeded the maximum authorized sentence for robbery" and, therefore, "his post-release supervision was unlawfully revoked." *Fluker v. State*, 2 So. 3d 717, 719 (Miss. Ct. App. 2008). The trial court summarily dismissed the motion, and the Court of Appeals affirmed, holding that Fluker was "misguided in his belief that the time he spent on post-release supervision should be construed as additional time on his total sentence." *Id.* at 719, 720. In the present case, Fluker argues that he was deprived of due process of law. He claims to have been on Earned-Release Supervision (ERS), not Post-Release Supervision (PRS), at the time of the revocation. Therefore, Fluker claims that the circuit court lacked

11

jurisdiction to revoke his conditional release pursuant to Mississippi Code Section 47-5-138.[2]

The Circuit Court of Forrest County summarily dismissed Fluker's second PCR petition, and the Court of Appeals affirmed, finding "that res judicata prevents the relitigation of this issue." *Fluker v. State*, 2014 WL 2723882, at *3.

¶20.    The doctrine of *res judicata* "bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997) (citing *Estate of Anderson v. Deposit Guaranty Nat'l Bank*, 674 So. 2d 1254, 1256 (Miss. 1996)). We have held that four "identities" must be present in order for the doctrine to operate as a bar against future claims: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Little*, 704 So. 2d at 1338 (citing *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 741, 751 (Miss. 1982)). Even though Fluker challenged the revocation of his conditional release in both of

---

[2]    Any inmate, who is released before the expiration of his term of sentence under this section, shall be placed under earned-release supervision until the expiration of the term of sentence. The inmate shall retain inmate status and remain under the jurisdiction of the department. The period of earned-release supervision shall be conducted in the same manner as a period of supervised parole. The department shall develop rules, terms and conditions for the earned-release supervision program. The commissioner shall designate the appropriate hearing officer within the department to conduct revocation hearings for inmates violating the conditions of earned-release supervision.

Miss. Code Ann. 47-5-138(6) (Rev. 2011).

his petitions for PCR, it is clear that not all identities are present, because Fluker's claims regarding the revocation of his conditional release were not identical.

¶21.    In similar fashion, the majority errs today in finding that Fluker's challenge to the revocation decision was barred as a successive pleading. Fluker did not collaterally attack the revocation of his conditional release in the same way in both of his petitions for PCR. Fluker's  petitions, therefore, cannot be said to have been successive, because the claims were not identical. *See Gibson*, 49 So. 3d at 1166; *Lyons*, 990 So. 2d at 265.

¶22.    I do not agree that either common law *res judicata* or the statutory successive pleading bar prevents Fluker from raising his claim of unlawful revocation in his second PCR.

¶23.    I write also to address the majority's rejection of Fluker's claim that his petition for PCR meets the fundamental rights exception to the procedural bars of the UPCCRA. As the majority recognizes, this Court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (Miss. 2010). But "[t]here must at least appear to be *some basis* for the truth of the claim before the [procedural bar] will be waived." *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010) (quoting *Crosby v. State*, 16 So. 3d 74, 79 (Miss. Ct. App. 2009)) (emphasis added).[3]

---

[3]The requirement from this Court's opinion in *Means*, 43 So. 3d at 442, that the prisoner present "some basis for the truth of the claim" in order to trigger the application of the fundamental-rights exception to the procedural bar is informed by opinions of the Court of Appeals which predate *Rowland* and *Smith*. *See Rowland*, 42 So. 3d at 506; *Smith,* 149 So. 3d at 1031 ("Because Smith's second motion for PCR alleges a violation of his fundamental right not to be convicted while incompetent, we will address the merits of his argument.").

¶24. In *Means*, for instance, conditional release had been revoked by the trial court, because Means admitted having violated the condition of his release requiring that he remain 100 miles away from the Forrest County Courthouse for the entire twenty-five years of his suspended sentence. *Means*, 43 So. 3d at 440, 441. Means claimed on successive PCR that "the trial court was not authorized to order the banishment without placing him on probation, that the court was limited to imposing a five-year term of probation, and that his twenty-five-year banishment, without probation, was thus unenforceable." *Id.* at 441. The trial court summarily dismissed Means's PCR motion, the Court of Appeals affirmed, and this Court granted Means's petition for writ of *certiorari*. *Id.* This Court reversed and remanded, finding that, based on the record before the Court at the time, "we cannot discern whether the banishment comported with the due-process requirements regarding proper banishments . . . ." *Id.* at 447.

¶25. In the present case, Fluker claims to have been on Earned-Release Supervision (ERS), not Post-Release Supervision (PRS), at the time of the revocation. Therefore, Fluker claims that the circuit court lacked jurisdiction to revoke his conditional release pursuant to Mississippi Code Section 47-5-138, which creates an administrative revocation hearing procedure "for inmates violating the conditions of earned-release supervision." He claims that this deprived him of due process of law. All persons have a fundamental right under both the United States Constitution and the Mississippi Constitution to due process of law. *See* U.S. Const. amend. XIV, § 1; Miss. Const. art. 3, § 14.

14

¶26. This Court has noted the "minimum due process requirements of parole-revocation procedure." *Riely v. State*, 562 So. 2d 1206, 1210 (Miss. 1990) (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). The U.S. Supreme Court requires both a preliminary and final revocation hearing to satisfy the minimum due process requirements of parole revocation. *Riely*, 562 So. 2d at 1210 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)). *See* **Presley v. State**, 48 So. 3d 526, 529 (Miss. 2010). For the preliminary hearing, the United States Supreme Court requires:

> (1) "that some minimal inquiry [or preliminary hearing] be conducted at or reasonably near the place of the alleged . . . violation or arrest and that as promptly as convenient after arrest while information is fresh and sources are available"; (2) that "the determination that reasonable ground exists for revocation . . . should be made by someone not directly involved in the case" and that the decision maker "need not be a judicial officer"; (3) that the defendant "should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe that he has committed a . . . violation"; (4) that "[t]he notice should state what . . . violations have been alleged"; (5) that "[a]t the hearing the [defendant] may appear and speak in his own behalf [and] he may bring letters, documents, or individuals who can give relevant information to the hearing officer"; (6) that "[o]n request of the [defendant], persons who have given adverse information on which . . . revocation is to be based are to be made available for questioning in his presence"; (7) that "the hearing officer shall have the duty of making a summary, or digest, of what occurs at the hearing in terms of the responses of the [defendant] or evidence given in support of the [defendant's] position"; (8) that "[b]ased on the information before him, the hearing officer should determine whether there is probable cause to hold the [defendant] for the final decision" regarding revocation; (9) that the decision maker "should state the reasons for his determination and indicate the evidence he relied on . . . but it should be remembered that this is not a final determination calling for formal findings of fact and conclusions of law.

*Riely*, 562 So. 2d 1206 at 1210 (citing *Morrissey*, 408 U.S. at 485-87). "The purpose of a preliminary revocation hearing is to determine that reasonable grounds exist for revocation

15

by someone not directly involved in the case and to determine if probable cause exists to believe that a violation has been committed." ***Presley***, 48 So. 3d at 529 (citing ***Berdin v. State***, 648 So. 2d 73, 76 (Miss. 1994), *overruled on other grounds by **Smith v. State***, 742 So. 2d 1146 (Miss. 1999)). A final revocation hearing, likewise, must provide the following:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

***Riely***, 562 So. 2d at 1210 (quoting ***Gagnon***, 411 U.S. at 786).

¶27.    In the present case, in Fluker's second petition for PCR, Fluker argued that "the revocation proceedings and the resulting twelve (12) years suspended sentence imposed was in violation of his Due Process Rights . . . ." According to Fluker, "[a]t the time of Petitioner's arrest for the unrelated charge on May 4, 2005, and at the time of the revocation hearing on June 23, 2005, Petitioner was still under the guidelines of the E.R.S. Program and the jurisdiction of M.D.O.C." He claims never to have been notified that he was no longer classified under the Earned-Release Supervision program: "because of this lack of notice, on May 4, 2005, and June 23, 2005, when Petitioner was arrested and at his Revocation Hearing, he was still on E.R.S. and under the exclusive jurisdiction of M.D.O.C." He claims not to have seen the April 18, 2005, Discharge Certificate which stated that he was discharged to serve four years of Post-Release Supervision. More than one month later, May 3, 2005, the

16

day before Fluker's arrest, a field officer presented and obtained Fluker's signature on a document entitled "Statement Of Conditions Under Which This Earned Release Supervision Is Granted." So Fluker's confusion may have been warranted.

¶28. Nevertheless, the record is silent regarding whether Fluker's revocation hearing (or hearings) comported with the due process requirements articulated by this Court and the United States Supreme Court in the context of revocation of conditional release. The trial court summarily dismissed Fluker's PCR, finding his due process claims to have been procedurally barred. The Court of Appeals agreed, and this Court today affirms. But, as in *Means*, we cannot discern from the record whether the revocation of Fluker's conditional release comported with federal and state due process requirements. *See Means*, 43 So. 3d at 447.

¶29. I would remand this case to the Circuit Court of Forrest County for a consideration of whether Fluker was afforded due process of law in the revocation of his conditional release.

**DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.**