KITCHENS, Justice,
dissenting:
¶ 16. I respectfully dissent for two reasons. First, I do not agree that Fluker’s claims before this Court are barred by either the statutory successive pleadings bar or common law res judicata. Second, this Court’s approval of the summary dis *477 missal of Fluker’s due process claim is premature, because the record before us is silent with regard to the question of whether the revocation of Fluker’s conditional release comported with federal and state due process requirements.
¶ 17. At the outset, the majority recognizes that Fluker’s second challenge to the revocation of his post-release supervision articulated “different grounds” from his prior motion for post-conviction relief (PCR). Maj. Op. ¶ 9. Yet the majority finds, pursuant to the successive pleadings bar of Mississippi Code Section 99-39-23(6) (Rev.2007), that Fluker’s “challenge to the same revocation decision that he attacked in his first motion for PCR was barred....” Maj. Op. ¶ 10. Section 99-39-23(6) provides that an order denying a prisoner’s request for PCR “is a final judgment and shall be conclusive until reversed” and that “[i]t shall be a bar to a second or successive motion....” Miss. Code Ann. § 99-39-23(6) (Rev.2007). Excepted from the successive pleadings bar “are those cases in which the petitioner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked.” Id.
¶ 18. The majority disagrees with the analysis of the Court of Appeals for the purpose of noting that “the common-law doctrine of res judicata[1] does not apply to post-conviction claims of constitutional dimensions. Rather, res judicata concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar.” Maj. Op. ¶ 9 (citing Smith v. State, 149 So.3d 1027, 1031-32 (Miss.2014)). And the majority holds, based on decisions from our Court of Appeals, that the exception found in Section 99-39-23(6) does not apply when a prisoner files a second PCR motion alleging the same claim. See Gibson v. State, 49 So.3d 1164, 1166 (Miss.Ct.App.2010) (Successive motions for PCR are prohibited under Mississippi Code Section 99-39-23(6) where “[b]oth motions contain identical requests for post-conviction relief.”); Lyons v. State, 990 So.2d 262, 265 (Miss.Ct.App.2008) (“We do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided.”); Retherford v. State, 749 So.2d 269, 273-74 (Miss.Ct.App.1999) (“The exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court.”).
¶ 19. Neither common law res judicata nor the statutory successive pleadings bar applies here, since Fluker raised two distinct issues in each of his petitions for PCR. In his first, filed in January 2007, Fluker argued that “the trial court lacked authority to impose the original sentence because it exceeded the maximum authorized sentence for robbery” and, therefore, “his post-release supervision was unlawfully revoked.” Fluker v. State, 2 So.3d 717, 719 (Miss.Ct.App.2008). The trial court summarily dismissed the motion, and the Court of Appeals affirmed, holding that Fluker was “misguided in his belief that the time he spent on post-release supervision should be construed as additional time on his total sentence.” Id. at 719, 720. In the present case, Fluker argues that he was deprived of due process of law. He claims to have been on Earned-Release *478 Supervision (ERS), not Post-Release Supervision (PRS), at the time of the revocation. Therefore, Fluker claims that the circuit court lacked jurisdiction to revoke his conditional release pursuant to Mississippi Code Section 47-5-138.[2] The Circuit Court of Forrest County summarily dismissed Fluker’s second PCR petition, and the Court of Appeals affirmed, finding “that res judicata prevents the relitigation of this issue.” Fluker v. State, 170 So.3d at 521, 2014 WL 2723882, at *3. .
¶ 20. The doctrine of res judicata “bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.” Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1337 (Miss.1997) (citing Estate of Anderson v. Deposit Guaranty Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996)). We have held that four “identities” must be present in order for the doctrine to operate as a bar against future claims: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.” Little, 704 So.2d at 1338 (citing Dunaway v. W.H. Hopper & Assocs., Inc., 422 So.2d 749, 751 (Miss.1982)). Even though Fluker challenged the revocation of his conditional release in both of his petitions for PCR, it is clear that not all identities are present, because Fluker’s claims regarding the revocation of his conditional release were not identical.
¶21. In similar fashion, the majority errs today in finding that Fluker’s challenge to the revocation decision was barred as a successive pleading. Fluker did not collaterally attack the revocation of his conditional release in the same way in both of his petitions for PCR. Fluker’s petitions, therefore, cannot be said to have been successive, because the claims were not identical. See Gibson, 49 So.3d at 1166; Lyons, 990 So.2d at 265.
¶ 22. I do not agree that either common law res judicata or the statutory successive pleading bar prevents Fluker from raising his claim of unlawful revocation in his second PCR.
¶ 23. I write also to address the majority’s rejection of Fluker’s claim that his petition for PCR meets the fundamental rights exception to the procedural bars of the UPCCRA. As the majority recognizes, this Court has held that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 503, 506 (Miss.2010). But “[tjhere must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Means v. State, 43 So.3d 438, 442 (Miss.2010) (quoting Crosby v. State, 16 So.3d 74, 79 (Miss.Ct.App.2009)) (emphasis added).[3]
*479 ¶ 24. In Means, for instance, conditional release had been revoked by the trial court, because Means admitted having violated the condition of his release requiring that he remain 100 miles away from the Forrest County Courthouse for the entire twenty-five years of his suspended sentence. Means, 43 So.3d at 440, 441. Means claimed on successive PCR that “the trial court was not authorized to order the banishment without placing him on probation, that the court was limited to imposing a five-year term of probation, and that his twenty-five-year banishment, without probation, was thus unenforceable.” Id. at 441. The trial court summarily dismissed Means’s PCR motion, the Court of Appeals affirmed, and this Court granted Means’s petition for writ of certio-rari. Id. This Court reversed and remanded, finding that, based on the record before the Court at the time, “we cannot discern whether the banishment comported with the due-process requirements regarding proper banishments.... ” Id. at 447.
¶ 25. In the present case, Fluker claims to have been on Earned-Release Supervision (ERS), not Post-Release Supervision (PRS), at the time of the revocation. Therefore, Fluker claims that the circuit court lacked jurisdiction to revoke his conditional release pursuant to Mississippi Code Section 47-5-138, which creates an administrative revocation hearing procedure “for inmates violating the conditions of earned-release supervision.” He claims that this deprived him of due process of law. All persons have a fundamental right under both the United States Constitution and the Mississippi Constitution to due process of law. See U.S. Const, amend. XIV, § 1; Miss. Const, art. 3, § 14.
¶26. This Court has noted the “minimum due process requirements of parole-revocation procedure.” Riely v. State, 562 So.2d 1206, 1210 (Miss.1990) (citing Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). The U.S. Supreme Court requires both a preliminary and final revocation hearing to satisfy the minimum due process requirements of parole revocation. Riely, 562 So.2d at 1210 (citing Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). See Presley v. State, 48 So.3d 526, 529 (Miss.2010). For the preliminary hearing, the United States Supreme Court requires:
(1) “that some minimal inquiry [or preliminary hearing] be conducted at or reasonably near the place of the alleged ... violation or arrest and that as promptly as convenient after arrest while information is fresh and sources are available”; (2) that “the determination that reasonable ground exists for revocation ... should be made by someone not directly involved in the case” and that the decision maker “need not be a judicial officer”; (3) that the defendant “should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe that he has committed a ... violation”; (4) that “[t]he notice should state what ... violations have been alleged”; (5) that “[a]t the hearing the [defendant]., may appear and speak in his own behalf [and] he may bring letters, documents, or individuals who can give relevant information to the hearing officer”; (6) that “[o]n request of the [defendant], persons who have' given adverse information on which ... revocation is to be based are to .be *480 made available for questioning in his presence”; (7) that “the hearing officer shall have the duty of making a summary, or digest, of what occurs at the hearing in terms of the responses of the [defendant] or evidence given in support of the [defendant’s] position”; (8) that “[b]ased on the information before him, the hearing officer should determine whether there is probable cause to hold the [defendant] for the final decision” regarding revocation; (9) that the decision maker “should state the reasons for his determination and indicate the evidence he relied on ... but it should be remembered that this is not a final determination calling for formal findings of fact and conclusions of law.”
Riely, 562 So.2d 1206 at 1210 (citing Morrissey, 408 U.S. at 485-87, 92 S.Ct. 2593). “The purpose of a preliminary revocation hearing is to determine that reasonable grounds exist for revocation by someone not directly involved in the case and to determine if probable cause exists to believe that a violation has been committed.” Presley, 48 So.3d at 529 (citing Berdin v. State, 648 So.2d 73, 76 (Miss.1994), overruled on other grounds by Smith v. State, 742 So.2d 1146 (Miss.1999)). A final revocation hearing, likewise, must provide the following:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.
Riely, 562 So.2d at 1210 (quoting Gagnon, 411 U.S. at 786, 93 S.Ct. 1756).
¶ 27. In the present case, in Fluker’s second petition for PCR, Fluker argued that “the revocation proceedings and the resulting twelve (12) years suspended sentence imposed was in violation of his Due Process Rights.... ” According to Fluker, “[a]t the time of Petitioner’s arrest for the unrelated charge on May 4, 2005, and at the time of the revocation hearing on June 23, 2005, Petitioner was still under the guidelines of the E.R.S. Program and the jurisdiction of M.D.O.C.” He claims never to have been notified that he was no longer classified under the Earned-Release Supervision program: “because of this lack of notice, on May 4, 2005, and June 23, 2005, when Petitioner was arrested and at his Revocation Hearing, he was still on E.R.S. and under the exclusive jurisdiction of M.D.O.C.” He claims not to have seen the April 18, 2005, Discharge Certificate which stated that he was discharged to serve four years of Post-Release Supervision. More than one month later, May 3, 2005, the day before Fluker’s arrest, a field officer presented and obtained Fluker’s signature on a document entitled “Statement Df Conditions Under Which This Earned Release Supervision Is Granted.” So Fluker’s confusion may have been warranted.
¶ 28. Nevertheless, the record is silent regarding whether Fluker’s revocation hearing (or hearings) comported with the due process requirements articulated by this Court and the United States Supreme Court in the context of revocation, of conditional release. The trial court summarily dismissed Fluker’s PCR, finding his due process claims to have been procedurally barred. The Court of Appeals agreed, and *481 this Court today affirms. But, as in Means, we cannot discern from the record whether the revocation of Fluker’s conditional release comported with federal and state due process requirements. See Means, 43 So.3d at 447.
¶ 29. I would remand this case to the Circuit Court of Forrest County for a consideration of whether Fluker was.afforded due process of law in the revocation of his conditional release.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. The Court of Appeals found that Fluker’s second claim was excepted from the statutory successive pleadings bar under Section 99-39-23(6), but that it was barred under the doctrine of common law res judicata. Fluker v. State, 170 So.3d 517, 520-21, 2014 WL 2723882, *3 (Miss.Ct.App. Jun. 17, 2014).

. Any inmate, who is released before the expiration of his term of sentence under this section, shall be placed under earned-release supervision until the expiration of the term of sentence. The inmate shall retain inmate status and remain under the jurisdiction of the department. The period of earned-release supervision shall be conducted in the same manner as a period of supervised parole. The department shall develop rules, terms and conditions for the earned-release supervision program. The commissioner shall designate the appropriate hearing officer within the department to conduct revocation hearings for inmates violating the conditions of earned-release supervision.
Miss.Code Ann. 47-5-138(6) (Rev.2011).

. The requirement from this Court’s opinion in Means, 43 So.3d at 442, that the prisoner present "some basis for the truth of the claim” in order to trigger the application of the fundamental-rights exception to the procedural bar is informed by opinions of the Court of Appeals which predate Rowland and *479 Smith. See Rowland, 42 So.3d at 506; Smith, 149 So.3d at 1031 (“Because Smith’s second motion for PCR alleges a violation of his fundamental right not to be convicted while incompetent, we will address the merits of his argument.”).