CARLTON, J.,
for the Court:
¶ 1. Johnny Grogan appeals the Scott County Circuit Court order dismissing his motion for post-conviction relief as barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp. 2011). Grogan raises the following assignments of error:[1] (1) whether the trial court properly found that his motion for post-conviction relief was barred as a successive writ; (2) whether he was subjected to a denial of due process of law where the trial court failed to advise him of the right to appeal his sentence to the Mississippi Supreme Court; (3) whether he was denied due process of law where he was convicted without having admitted all elements of the crimes; (4) whether the acceptance of the guilty plea violated Rule 9.06 of the Uniform Rules of Circuit and County Court; (5) whether he was denied his Sixth Amendment right to effective assistance of counsel; (6) whether the sentence imposed by the Court was disproportionate to the offense; and (7) whether his guilty plea was unknowing, involuntary, and constituted an unintelligent waiver of fundamental rights. Finding no error, we affirm.
FACTS
¶ 2. On April 2, 2007, a Scott County grand jury indicted Grogan for one count of sexual battery, pursuant to Mississippi Code Annotated section 97 — 3—95(l)(d) (Rev.2006) in cause number 07-CR-002-SC-G, and he was also indicted by separate indictment for two counts of sexual battery pursuant to section 97 — 3—95(1) (d) in cause number 07-CR-004-SC-G.
¶ 3. On June 1, 2007, Grogan pled guilty to one count of sexual battery in cause number 002, and he also pled guilty to two counts of gratification of lust in cause number 004, instead of the charged sexual battery offenses therein. The trial court sentenced Grogan to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC) for his sexual-battery conviction in cause number 002. The trial court then sentenced Grogan in cause number 004 to two years in the custody of the MDOC for count one, gratification of lust, to run consecutively to the twenty-year sentence imposed in cause number 002, and to two years in the custody of the MDOC for count two, gratification of lust, to run consecutively to the twenty-year sentence imposed in cause number 002 and to the two-year sentence imposed in count one of cause number 004.
¶ 4. On May 27, 2010, Grogan filed a motion for post-conviction relief in cause number 002 in the Scott County Circuit Court. The trial court entered an order on June 28, 2010, dismissing Grogan’s PCR motion as being barred as a second or successive motion under Mississippi Code Annotated section 99-39-23(6). Aggrieved, Grogan appeals.
STANDARD OF REVIEW
¶ 5. “When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will reverse the judgment of the lower court only if its factual findings are clearly erroneous; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Beal v. State, 58 So.3d 709, 710 (¶ 2) (Miss.Ct.App.2011) *620 (citing Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009)).
DISCUSSION
¶ 6. Before proceeding with our analysis, we must begin with.a procedural matter. Mississippi Code Annotated section 99-39-9(2) (Rev.2007) states: “A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” See Cook v. State, 990 So.2d 788, 790-91 (¶ 4) (Miss.Ct.App.2008). In the style of his PCR motion, Grogan listed cause number 002 as the cause number to which he sought post-conviction relief. However, in his PCR motion and his brief on appeal, Grogan raised issues regarding not only his sexual-battery conviction and sentence in cause number 002, but also with his gratification-of-lust convictions and sentences in cause number 004. “However, pursuant to section 99-39-9(2), [Grogan] is only able to challenge the validity of his conviction from one judgment per motion for post-conviction collateral relief.” Id. at 791 (¶ 4). Therefore, we will limit our appellate review to those issues surrounding his guilty plea associated with cause number 002 since Grogan listed that cause number in the style of his PCR motion, and the vast majority of issues raised within his PCR motion and appellate brief concern cause number 002.
SUCCESSIVE WRIT
¶ 7. Grogan argues that the trial court erred by dismissing his PCR motion as barred as a successive writ by section 99 — 39—23(6).[2] Grogan contends that the trial court’s findings failed to include the prior order in the record to support its findings that the PCR motion in the present case was barred as a successive writ. Additionally, Grogan argues that his current PCR motion should be excepted from section 99-39-23(6) because his fundamental constitutional rights were infringed upon and because an intervening decision from the Mississippi Supreme Court adversely affects the outcome of his case.
¶ 8. The Uniform Post-Conviction Relief Act generally bars successive motions from our review. White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011). Mississippi Code Annotated section 99-39-23(6) provides that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Section 99-39-23(6) includes exceptions to the successive-writ bar, stating:
Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict’s supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has *621 evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.
¶ 9. Finding Grogan’s PCR motion barred as a successive writ and no applicable exception to such bar, the trial court entered an order dismissing Grogan’s PCR motion. The order states in pertinent part:
ON THIS DAY came petitioner, Johnny Grogan, who petitions this [ejourt to vacate and set aside conviction and sentence thereby taking on the attributes of an appeal under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code. Ann. § 99-39-1, et seq. The [petitioner previously filed for post-conviction relief under this statute in [c]ause [n]umber 08-CV-355-SC-G. On October 7, 2008, this [c]ourt entered an [o]rder denying [petitioner post-conviction relief. Pursuant to Miss.Code Ann. § 99-39-23(6), a previous denial of post-conviction relief petition is a final judgment and thus bars filing of any second or successive motions, unless he can demonstrate an exception to the statutory bar. Bowie v. State, 949 So.2d 60, 62 (Miss.Ct.App.2006). These recognized exceptions are (1) intervening decisions which would have adversely affected the outcome of the prisoner’s conviction or sentence, (2) newly discovered evidence, not reasonably discoverable at the time of trial, which would have caused a different result in the outcome of the prisoner’s sentence or conviction had it been admitted at trial, and (3) allegations that a petitioner’s sentence has expired or his probation or parole has been unlawfully revoked. [Miss.Code Ann. § 99-39-23(6).] This bar against successive filings applies not only to issues actually determined in a previous post-conviction relief proceeding, but to those issues that could have been raised. Smith v. State, 648 So.2d 63, 66 (Miss.1994). Petitioner has made no claims that would constitute an exception to the statutory bar. Therefore, [petitioner should be barred from filing this and any further petitions for post-conviction relief.
¶ 10. After reviewing the record before this Court, we, like the trial court, find Grogan’s present PCR motion barred as a successive writ. The trial court’s above-stated order provides that Grogan had previously filed for post-conviction relief, and on October 7, 2008, the trial court entered an order denying the relief requested. In making its finding, the trial court cited the previous cause number wherein Grogan previously sought and was denied such relief. In accordance with section 99-39-23(6), this previous denial of Grogan’s PCR motion is the final judgment that bars the filing of a successive motion, such as his present PCR motion, unless he demonstrates an exception to the statutory bar. See Bowie v. State, 949 So.2d 60, 62 (¶ 7) (Miss.Ct.App.2006). Grogan bears the burden of proving by a “preponderance of the evidence that his claims are not barred as successive writs.” Madden v. State, 52 So.3d 411, 412 (¶8) (Miss.Ct.App.2010) (quoting Robinson v. State, 19 So.3d 140, 144 (¶ 16) (Miss.Ct. *622 App.2009)). A review of the record shows that Grogan failed to meet this burden.
¶ 11. Grogan first claims that his current PCR motion is excepted from the statutory bar because the supreme court rendered an intervening decision by entering an order in Nix v. State, 2010-M-00428 (June 15, 2010) instructing the trial court to conduct a hearing to determine the victim’s age as it pertained to Nix’s conviction of touching a child for lustful purposes. Grogan alleges that the trial court in the present case failed to subject his conviction to proof of all the elements of the crimes, specifically the ages of those involved, as required by the recent order in Nix.
¶ 12. The record before this Court, however, shows that Grogan failed to raise Nix as an intervening decision constituting an exception to the statutory bar before the trial court; therefore, we are proee-durally barred from reviewing this argument on appeal. See Powell v. State, 49 So.3d 166, 174 (¶ 25) (Miss.Ct.App.2010). Notwithstanding the procedural bar, we find no merit to Grogan’s claim, as the record provides evidence contrary to Gro-gan’s allegation. The plea colloquy clearly shows that Grogan admitted, under oath, that he committed the crime of sexual battery on September 1 through January 20, 2007, and that he engaged in sexual penetration with a child under fourteen years of age when he was at that time more than twenty-four months older, by inserting his penis into the anus of the child. Accordingly, we find no merit to Grogan’s claim.
¶ 13. We, likewise, find no merit to Grogan’s allegation that the trial court failed to support his findings by not including the prior order in the record to demonstrate that a final order had been entered. “Although there is no proof in the record to either support or deny the existence of [Grogan’s] prior motion for post-conviction relief, the reference in [the trial court’s] order is sufficient to take judicial notice of its existence and to rule that the successive motion was improper.” McGriggs v. State, 877 So.2d 447, 449 (¶ 6) (Miss.Ct.App.2003).
 ¶ 14. Finally, we find that the successive-writ bar also applies to Gro-gan’s subsequent assignments of error concerning his constitutional rights. While we recognize that “[t]he procedural bars of the UPCCRA do not apply to ‘errors affecting fundamental constitutional rights[,]’ ” White, 59 So.3d at 636 (¶ 11), we note that “mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.” Id. (citations omitted). Moreover, this Court will affirm the dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Robinson, 19 So.3d at 142 (¶ 6) (citations omitted).[3]
¶ 15. Based on the foregoing, we affirm the trial court’s order dismissing Grogan’s motion for post-conviction relief.
¶ 16. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, *623 MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. This Court has restated Grogan's assignments of error for clarity.

. While Grogan does not specifically delineate this as an issue in his appellate brief, he raises the issue in his summary of the argument and within his issue discussing his claim that the trial court violated his due-process rights by convicting him without having him admit all elements required to prove such crimes.

. We note that Grogan failed to meet the statutory requirements of Mississippi Code Annotated section 99-39-9 by failing to incorporate an affidavit, other than his own, to support his claims. See Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003).