LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 12, 2008, Joe O’Neal pleaded guilty, in Tishomingo County Circuit Court cause number CR08-103, to the aggravated assault of his mother, Barbara Ward, under Mississippi Code Annotated section 97-3-7 (Supp.2013). He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with nineteen suspended, twelve months’ credit for time served, and five years of post-release supervision (PRS). On January 20, 2011, an MDOC field officer petitioned the trial court to terminate *355 O’Neal’s PRS. The court granted the motion and terminated the PRS.
¶ 2. On September 26, 2011, a Tishom-ingo County grand jury indicted O’Neal for the aggravated assault of Ward in cause number CR11-018. On October 19, 2011, the trial court conducted a revocation hearing regarding O’Neal’s suspended sentence. The trial court revoked O’Neal’s suspended sentence and sentenced him to serve nineteen years in the custody of the MDOC.
¶ 3. O’Neal filed a motion for post-conviction relief (PCR) challenging the judgment in cause number CR08-103, which the trial court denied. O’Neal now appeals, asserting: (1) he was ineligible to be sentenced to PRS; (2) the termination of his PRS terminated his entire sentence, (3) his sentence exceeds the maximum allowable by law, (4) reinstatement of his sentence put him in double jeopardy, and (5) his counsel’s assistance was ineffective. We will address the first two issues together, as they are related.
STANDARD OF REVIEW
¶ 4. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s decision if it is clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. PRS
¶ 5. O’Neal asserts that because he was not incarcerated prior to serving his term of reporting supervision, the trial court could not sentence him to PRS.
¶ 6. Under Mississippi Code Annotated section 99-19-23 (Rev.2007), any term of incarceration while awaiting trial “shall be applied on any sentence rendered by a court of law[.]” O’Neal was credited for twelve months of time served; therefore, he was incarcerated prior to a term of reporting supervision.
¶ 7. Mississippi Code Annotated section 47-7-34 (Rev.2011) governs PRS, and states in relevant part, “When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision.” In Johnson v. State, 925 So.2d 86, 103 (¶ 32) (Miss.2006), the Mississippi Supreme Court clarified the previously confusing interpretation of the statute:
For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon’s sentence under [Mississippi Code Annotated section] 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under [section] 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts’ sentencing practice.
Thus, the court was within its discretion to suspend O’Neal’s sentence “in whole or in part” prior to sentencing him to five years of PRS. Johnson, 925 So.2d at 102 (¶ 32).
¶ 8. Additionally, O’Neal claims that he was released from all obligations when his PRS was terminated, because termination of his PRS terminated his entire sentence.
¶ 9. At sentencing, O’Neal was specifically instructed that the suspended sentence was “contingent on [his] good behavior, [and committing] no violation of any state, federal[,] or local law[.]” The con *356 tingency provision was not terminated along with his PRS. The court’s order terminating the PRS makes no mention of terminating O’Neal’s nineteen-year suspended sentence. This issue is without merit.
II. MAXIMUM SENTENCE
¶ 10. O’Neal argues that his original sentence exceeded the maximum allowed by law because his twenty-year sentence combined with his five years of PRS is greater than the statutory maximum. The maximum sentence for aggravated assault is twenty years. See Miss.Code Ann. § 97-3-7(2)(a).
¶ 11. In Fluker v. State, 2 So.3d 717, 720 (¶ 9) (Miss.Ct.App.2008), this Court explained that Fluker’s “years of post-release supervision were inherent in the ... years that his sentence was suspended and not separate from it.” This Court applied the same rationale in Triste v. State, 77 So.3d 116, 118-19 (¶ 8) (Miss.Ct.App.2011), and Dickens v. State, 119 So.3d 1141, 1145 (¶ 9) (Miss.Ct.App.2013). O’Neal’s five years of PRS are not in addition to the nineteen years suspended but included in the nineteen years. O’Neal is never in jeopardy of serving more than twenty years in the custody of the MDOC for aggravated assault; thus, this issue is without merit.
III. DOUBLE JEOPARDY
¶ 12. Claiming that he has been twice punished for the same offense, O’Neal asserts that the reinstatement of his suspended sentence is double jeopardy.
¶ 13. When reinstating a suspended sentence:
The court may not impose a sentence greater than the original sentence, but can sentence the defendant to the full original sentence if it deems such an action necessary. Only if the court attempts to administer a longer sentence than what was originally conferred upon the defendant will it be considered double jeopardy.
Brunson v. State, 796 So.2d 284, 287 (¶ 14) (Miss.Ct.App.2001) (internal citations omitted) (citing Johnson v. State, 753 So.2d 449, 455 (¶ 15) (Miss.Ct.App.1999)). Here, the trial court reinstated the nineteen years of O’Neal’s sentence that it had originally suspended. Because the court did not attempt to administer a longer sentence than the original suspended sentence, the sentence is not considered double jeopardy. This issue is without merit.
IV.INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 14. O’Neal asserts that his attorney’s assistance was ineffective because he failed to inform O’Neal of his right to a direct appeal of his sentence. For O’Neal to prove ineffective assistance of counsel, he must show that “(1) [his] counsel’s performance was deficient, and (2) that deficient performance prejudiced [him].” McCollum v. State, 81 So.3d 1191, 1192-93 (¶ 8) (Miss.Ct.App.2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 15. During his guilty-plea hearing on cause number CR08-103, the trial court questioned O’Neal: .
Q. A very important question: Do you understand if you did go to trial and the jury found you guilty or convicted you that you’d have the right to appeal that conviction to the State Supreme Court, but if you enter a plea of guilty here today, and if I accept your plea of guilty, that you will have no right to appeal whatsoever?
A: Yes, sir.
¶ 16. As this Court has stated numerous times, “[statements made in open court under oath ‘carry a strong presumption of veracity.’ ” Cane v. State, 109 *357 So.3d 568, 571 (¶ 9) (Miss.Ct.App.2012) (quoting Nichols v. State, 955 So.2d 962, 965 (¶ 6) (Miss.Ct.App.2007)). The trial court instructed O’Neal that by pleading guilty he was waiving his right to an appeal, and he stated in open court that he understood. This issue is without merit.
¶ 17. Additionally, O’Neal argues that his attorney’s assistance was ineffective because he failed to present any argument that his PRS had been terminated and that the court lacked jurisdiction over him. As stated above, while his PRS had been terminated, O’Neal was still under the trial court’s jurisdiction during his suspended sentence. This issue is without merit.
¶ 18. THE JUDGMENT OF THE TISHOMINGO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOM-INGO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.