ON WRIT OF CERTIORARI

CHANDLER, Justice,
for the Court:
¶ 1. Patrick Fluker filed a motion for post-conviction relief (PCR) in the Circuit Court of Forrest County. The circuit court found his motion to be procedurally barred as a successive pleading and dismissed it. Fluker appealed, and this Court assigned his appeal to the Court of Appeals. The Court of Appeals affirmed the dismissal of the motion for PCR. This Court granted Fluker’s petition for certio-rari. We affirm the judgments of the Court of Appeals and the Circuit Court of Forrest County, but clarify and correct the analysis of the law provided by the Court of Appeals.
FACTS
¶ 2. A grand jury indicted Fluker for one count of armed robbery. As the result of plea bargaining, Fluker entered a guilty plea to robbery. The circuit court sentenced him to the maximum of fifteen years with three years to serve, twelve years suspended, and four years on post-release supervision.
¶ 3. Fluker was incarcerated until March 14, 2005, when he was placed on earned-release supervision. On April 18, *473 2005, Fluker was discharged from earned-release supervision. The Mississippi Department of Corrections (MDOC) officially released him from its custody on April 23, 2005, and he was placed on post-release supervision. On May 5, 2005, Fluker was arrested and charged with armed robbery and being a felon in possession of a weapon. On June 23, 2005, the circuit court found that he had violated the terms of his post-release supervision. The court revoked Fluker’s post-release supervision and imposed his suspended sentence, ordering him to serve twelve years.
¶ 4. Fluker filed his first motion for PCR, pro se, on January 10, 2007. Fluker v. State, 2 So.3d 717, 719 (Miss.Ct.App.2008). In it, Fluker argued that, because his sentence exceeded the maximum sentence for robbery, it was illegal and the revocation of his post-release supervision also was illegal. Id. He also argued that the circuit court should have given him credit for the time he had spent on post-release supervision. Id. at 720. The circuit court dismissed his motion for PCR, and the Court of Appeals affirmed. Id. at 719, 720. The Court of Appeals found that, because Fluker’s sentence did not exceed the maximum sentence for robbery, it was a legal sentence and the revocation of his post-release supervision was not illegal. Id. at 719-20. The Court of Appeals also found that, because a probationary period is not counted as time served, the circuit court did not err by failing to give Fluker credit for the few days he had spent on post-release supervision. Id. at 720.
¶ 5. Fluker filed his second motion for PCR on July 25, 2012. In this pro se motion, Fluker argued that, at the time of his armed-robbery arrest on May 5, 2005, he was on earned-release supervision and subject to the exclusive jurisdiction of the MDOC. He argued that, because he was not on post-release supervision, the circuit court lacked jurisdiction to revoke his conditional release and impose his suspended sentence. Fluker also argued that, -because he claimed an illegal sentence, his motion for PCR should be excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UP-CCRA).
¶ 6. The circuit court dismissed the motion for PCR as a successive pleading, and the Court of Appeals affirmed. Fluker v. State, 170 So.3d 517, 521, 2014 WL 2723882, at *4 (Miss.Ct.App. June 17, 2014). The Court of Appeals held that Fluker’s illegal-sentence claim was without merit because the record showed that Fluker had been discharged from earned-release supervision and was on post-release supervision at the time of his arrest. Fluker, 170 So.3d at 519-20, 2014 WL 2723882, at *2. The Court of Appeals also held that, because this was Fluker’s second motion for PCR challenging the revocation of his post-release supervision, it was barred by res judicata. Fluker, 170 So.3d at 520-21, 2014 WL 2723882, at *3. The Court of Appeals also found Fluker’s motion for PCR was barred by the general three-year statute of limitations under Mississippi Code Section 15-1-419. Fluker, 170 So.3d at 521, 2014 WL 2723882, at *4.
STANDARD OF REVIEW
¶ 7. A motion for PCR may be summarily dismissed “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Rev.2007). This Court will reverse the summary dismissal of a motion for PCR if the motion presents “a claim proeedurally alive ‘substantially] showing denial of a state or federal right.’ ” Smith *474 v. State, 149 So.3d 1027 (quoting Gable v. State, 748 So.2d 703, 704 (Miss.1999)).
DISCUSSION
¶ 8. The Court of Appeals correctly found that Fluker’s motion for PCR was procedurally barred, but it erred in its analysis of the procedural bars. Both the time bar and the successive-pleadings bar of the UPCCRA have exceptions for claims that the movant’s conditional release was unlawfully revoked. Mississippi Code Section 99-39-5(2), which prescribes the time for filing a motion for PCR, states:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution, (b) Likewise excepted, are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2) (Supp.2014) (emphasis added). Section 99-39-23(6), which bars successive pleadings, states that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. ” § 99-39-23(6) (Rev.2007). Section 99-39-23(6) contains an exception to the successive-pleadings bar for “those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.” Id.
¶ 9. Fluker’s first motion for PCR attacked the circuit court’s revocation of his post-release supervision,-a form óf conditional release. Fluker’s second motion for PCR also challenged the revocation decision, although on different grounds. The Court of Appeals held that Section 99-39-23(6) excepted the second motion for PCR from the successive-pleadings bar, but that common-law res judicata nonetheless prevented the relitigation of the revocation issue. Fluker’s claim that the circuit court illegally revoked his post-release supervi *475 sion and imposed his suspended sentence was a claim of an illegal sentence. In Smith v. State, 149 So.3d 1027, 1032 (Miss.2014), this Court held that the common-law doctrine of res judicata does not apply to post-conviction claims of constitutional dimensions. Rather, res judicata concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar. Id. at 1031. • Therefore, this issue is properly resolved by applying the statutory successive pleadings bar, not res judicata.
¶ 10. The Court of Appeals’ decision failed to recognize other decisions of the Court of Appeals holding that a second or subsequent challenge to the same revocation decision is barred as a successive motion under Section 99-39-23(6). In Gibson v. State, the Court of Appeals held that a second motion for PCR that reiterated the same challenge to a revocation decision, as a former motion for PCR was statutorily barred as a successive motion. Gibson v. State, 49 So.3d 1164, 1166 (Miss.Ct.App.2010). In Lyons v. State, addressing a second motion for PCR that challenged the same revocation decision as a former motion, the Court of Appeals stated:
[w]e do not find that the exception in section 99-39-23(6) allows an inmate to relitigate the issue that was already decided. To the contrary, we have previously stated, “[t]he exceptions under Mississippi Code Annotated Section 99-39-23(6) only allow the filing of a successive writ if the argument presented within the writ falls under one of the exceptions and has not been previously argued and a decision rendered on the merits by the trial court.”
Lyons, 990 So.2d 262, 265 (quoting Retherford v. State, 749 So.2d 269, 273-74 (Miss.Ct.App.1999)). We find this reasoning to be sound and hold that Fluker’s second post-conviction challenge to the same revocation decision that he attacked in his first motion for PCR was barred as a successive pleading under Section 99-39-23(6).
¶ 11. We turn to Fluker’s claim that his motion for PCR implicates the fundamental-rights exception to the procedural bars. Although “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA,” Rowland v. State, 42 So.3d 503, 506 (Miss.2010), “merely asserting a constitutional-right violation is insufficient to overcome the procedural bars.” Means v. State, 43 So.3d 438, 442 (Miss.2010). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Means, 43 So.3d at 442 (quoting Crosby v. State, 16 So.3d 74, 79 (Miss.Ct.App.2009)). As the Court of Appeals correctly held, Fluker’s claim that the circuit court lacked jurisdiction to revoke his post-release supervision because he was on earned-release supervision is belied by the record showing he was on post-release- supervision on the day of his arrest. Therefore, Fluker has not made a showing sufficient to implicate the fundamental-rights exception to the successive-pleadings bar.
¶ 12. The Court of Appeals also erred in its analysis of the limitations period applicable to Fluker’s second motion for PCR. This motion for PCR was filed more than seven years after the revocation decision. The Court of Appeals correctly found that, because Fluker claimed that his conditional release had been unlawfully revoked, his motion for PCR was excepted from the time bar. Fluker, 170 So.3d at 521, 2014 WL 2723882, at *4 (citing Miss. Code Ann, § 99-39-5(2)). But the Court of Appeals went on to state that “Section 99-39-5(2) does not allow an unlimited period of time for Fluker to file for post-conviction collateral relief.” Fluker, 170 *476 So.Bd at 521, 2014 WL 2723882, at *4. The Court of Appeals held that, although Section 99-39-5(2) provides an exception to the time bar for a claim that conditional release was unlawfully revoked, “[i]t does not provide Fluker an exception to the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev.2012). Otherwise, any prisoner who claims that his conditional release has been unlawfully revoked has no statute of limitations and can bring his claims decades after revocation.” Fluker, 170 So.3d at 521, 2014 WL 2723882, at *4.
¶ 13. The Court of Appeals erred by finding that the general, catch-all, three-year statute of limitations for civil claims applies to a motion for PCR. Mississippi Code Section 15-1-49 states:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
Miss.Code Ann. § 15-1-49 (Rev.2012). Section 15-1-49 states that it applies to “[a]ll actions for which no other period of limitation is prescribed.” Id. The UP-CCRA prescribes a three-year statute of limitations for motions for PCR. Miss.Code Ann. § 99-39-5(2) (Rev.2007). It is true that, because the UPCCRA excepts certain claims from this three-year statute of limitations, those claims have no statutory limitations period. But the UPCCRA is the “exclusive and uniform procedure for the collateral review of convictions and sentences.” Miss.Code Ann. § 99-39-3(1) (Rev.2007). In enacting the UPCCRA, the Legislature crafted exceptions to the three-year limitations period for certain claims. Due to the exclusivity of the UP-CCRA, these exceptions cannot be defeated by the general, three-year statute of limitations. To so hold would subvert the Legislature’s enactment of “an exclusive and uniform procedure for the collateral review of convictions and sentences.” Miss.Code Ann. § 99-39-3(1). The Court of Appeals erred by finding that Fluker’s claim was barred by Section 15-1-49.
CONCLUSION
¶ 14. The analytical errors by the Court of Appeals do not require the reversal of its decision. Fluker’s motion for PCR was barred as a successive pleading and did not implicate the fundamental-rights exception to the successive-pleadings bar. Due to the exclusivity of the UPCCRA, Fluker’s motion for PCR was not subject to the general, three-year statute of limitations. We affirm the judgment of the Court of Appeals and the judgment of the Circuit Court of Forrest County.
¶ 15. AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J. LAMAR, J., NOT PARTICIPATING.