# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00753-COA

**ELIAS GUNN A/K/A ELIAS SCOTT GUNN**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/24/2017 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELIAS GUNN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/05/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### CARLTON, J., FOR THE COURT:

¶1.    Elias Gunn was arrested and indicted for possession of cocaine while he was on probation for armed robbery. The State petitioned to revoke his probation, listing Gunn's cocaine-possession indictment as a violation of the terms of Gunn's probation. Gunn filed a motion for postconviction relief (PCR) in the Madison County Circuit Court, seeking to have his probation reinstated based upon alleged defects and errors occurring at his revocation hearing. The circuit court found that this was Gunn's second PCR motion challenging the same probation-revocation decision and dismissed Gunn's PCR motion as a successive writ.

¶2.    On appeal, Gunn seeks reversal of the circuit court's dismissal of his second PCR

motion, asserting that he was denied due process at his revocation hearing because he was not provided with the evidence relied upon to revoke his probation. Gunn further asserts that the cocaine-possession indictment against him was an insufficient basis for revoking his probation.

¶3.     We find no error in the circuit court's dismissal of Gunn's second PCR motion as a successive writ, and we further find, based upon our review of the record and the applicable law, that Gunn has raised no error affecting his fundamental constitutional rights that would serve as an exception to the successive-writ procedural bar. We therefore affirm the circuit court's dismissal of Gunn's second PCR motion.

## FACTS AND PROCEDURAL HISTORY

¶4.     On November 16, 2001, Elias Gunn pleaded guilty to armed robbery. After accepting Gunn's guilty plea, the Madison County Circuit Court sentenced Gunn to serve a 20-year sentence in the custody of the Mississippi Department of Corrections (MDOC), with the last eight years suspended on conditions specified in the Judgment of Conviction and Sentence Instanter, and with five years of probation to begin at the expiration of the unsuspended portion of the sentence.

¶5.     On May 4, 2015, while he was on probation, Gunn was arrested for possession of cocaine in Hinds County, Mississippi, and was indicted on that charge on February 26, 2016. On March 29, 2016, the MDOC probation department filed a petition for revocation based on that indictment. The record contains the petition for revocation, which was acknowledged and signed by Gunn on April 7, 2016.

¶6.    A revocation hearing was held on May 16, 2016.  Gunn was represented by counsel. Gunn's counsel also set for hearing Gunn's motion for disclosure of evidence seeking an order for the State to disclose its evidence against Gunn concerning the cocaine-possession charge, which was the basis for the State's petition for revocation.  After hearing argument on the motion for disclosure of evidence, the circuit court proceeded with the revocation hearing.

¶7.    The State's witness was Gunn's probation officer, Officer Rico Mazique, who testified that he was supervising Gunn when he was arrested for possession of cocaine on May 4, 2015.  The hearing transcript further reflects that Officer Mazique filed his petition for revocation after he found out about Gunn's February 2016 indictment on the cocaine-possession charge.  A copy of the indictment was entered as an exhibit at the revocation hearing.

¶8.    After Officer Mazique's direct examination, the circuit court addressed Gunn's motion for disclosure of evidence, first stating that in the petition for revocation, the probation department "alleged that the Defendant [Gunn] had been indicted in Hinds County cause No. 16-121JAW for the new crime of possession of [a] controlled substance, that being cocaine."  The circuit court observed that the State was moving forward only on that violation as the basis for revocation and then stated that Officer Mazique, who testified about the cocaine-possession violation, was present for the defense to cross-examine.  Defense counsel stated that he had no questions for Officer Mazique.  The circuit court denied the motion for disclosure of evidence to the extent Gunn sought additional evidence, holding that

3

the State had disclosed the evidence against Gunn supporting the revocation petition relating to the cocaine-possession indictment through the testimony of Officer Mazique.

¶9.     Gunn then took the stand at his revocation hearing.  Gunn testified that he understood what was charged against him under the indictment, but he denied that he committed the crime.  The defense did not put on any other witnesses or evidence.

¶10.    After hearing the testimony and the argument of the parties, the circuit court observed on the record that the applicable standard for revocation is whether it is more likely than not that the defendant violated one of the terms and conditions of his probation.  The circuit court held that "an indictment, which is a finding of probable cause, is sufficient."  In its order of revocation, the circuit court also found that it had jurisdiction over the defendant and the subject matter of the proceeding; that Gunn had been timely served with true copies of the petition for revocation, the supporting affidavit, and a disclosure of the evidence; that Gunn was fully advised of and understood the allegations, as well as the evidence, against him; and that the allegations contained in the petition were supported by substantial evidence to prove that Gunn committed the following acts and omissions constituting a violation of his probation: an indictment in Hinds County Case Number 16-121 JAW for committing the new crime of possession of cocaine.  The circuit court found that the petition for revocation should be granted; fully revoked Gunn's probation, allowing 21-days credit for pre-hearing detainment; and ordered Gunn to pay court costs, fees, and assessments.  The order of revocation was entered on May 19, 2016.

¶11.    Gunn filed his first PCR motion in Madison County Circuit Court on September 15,

2016, in Civil Action No. 45CIl:16-cv-00183-c.[1]  Gunn argued that his due process rights were violated under the order of revocation because his suspended sentence was imposed; and because revocation was imposed before Gunn was lawfully convicted of the cocaine-possession charge against him.  Based upon its review of the May 16, 2016 revocation hearing transcript, as well as the petitioner's criminal file (Cause No. 2001-0009-C), the circuit court determined that Gunn was not entitled to any relief under his first PCR motion. The circuit court summarily dismissed Gunn's first PCR motion under Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) by judgment entered October 10, 2016.  Gunn did not appeal the circuit court's judgment dismissing his first PCR motion.

¶12.    On April 17, 2017, Gunn filed a second PCR motion in Madison County Circuit Court before the same judge that heard his first PCR motion.  Gunn again challenged the circuit court's revocation of his probation.  Gunn claimed that his due process rights were violated because he was "coerced" into signing a waiver of his preliminary hearing; the cocaine-possession indictment was defective and was an insufficient basis for revoking his probation; he was not provided evidence supporting revocation of his probation; and he was denied the opportunity to present witnesses or documentary evidence at his revocation hearing.

¶13.    The circuit court summarily dismissed Gunn's second PCR motion as a successive writ on April 24, 2017, as follows:

> [T]he Court being aware that petitioner previously filed a Motion for

---

[1] In the circuit court's order that is the subject of this appeal, the circuit court relied on Gunn's first PCR motion in dismissing Gunn's second PCR motion as a successive writ. Upon this Court's order, the record was supplemented with the pleadings from Civil Action No. 45CIl:16-cv-00183-c on April 5, 2018.

5

Post-Conviction Collateral Relief in Civil Action No. 45CIl:16-cv-00183-c that was dismissed on October 10, 2016, the Court finds that the petition does not fall within the exceptions to [section] 99-39-23(6) and should be dismissed as a successive writ.[2]

¶14. In this appeal concerning the circuit court's dismissal of his second PCR motion, Gunn asserts that his due process rights were violated when his probation was revoked because (1) he was not provided with the evidence relied upon to revoke his probation; and (2) the cocaine-possession indictment against him was an insufficient basis for revoking his probation.

## STANDARD OF REVIEW

¶15. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017).

## DISCUSSION

### I.    *Successive-Writ Procedural Bar*

¶16. In its order dismissing Gunn's second PCR motion, the circuit court held that the motion was barred as a successive writ. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) imposes a bar against successive writs. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief

---

[2] The circuit court also found that "in relation to petitioner's guilty plea and sentencing for armed robbery on November 16, 2001, the Court finds that the petition does not fall within the exceptions to [section] 99-39-5(2) and should be dismissed as time-barred." Gunn does not address this holding on appeal; we therefore do not address it in our opinion.

under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."). The UPCCRA, however, provides a number of exceptions to the successive-writ bar, including, in relevant part, "those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." *Id.* Gunn, as the movant, bears "the burden of proving by a preponderance of the evidence that his claim[ ] [is] not barred as [a] successive writ[]." *Grogan v. State*, 89 So. 3d 617, 621 (¶10) (Miss. Ct. App. 2011) (internal quotation mark omitted).

¶17. Gunn asserts that his probation was unlawfully revoked in this case, but he did not raise this point before the circuit court or this Court as an exception to the successive-writ bar as provided by section 99-39-23(6). He therefore waived this issue. *Fluker v. State*, 17 So. 3d 181, 182-83 (¶¶4-5) (Miss. Ct. App. 2009).

¶18. Even if he had raised this issue, however, a review of Gunn's first PCR motion in Civil Action No. 45CIl:16-cv-00183-c shows that Gunn challenged the same revocation decision that he now attacks in his second PCR motion. As the Mississippi Supreme Court unequivocally recognized in *Fluker v. State*, 170 So. 3d 471, 475 (¶10) (Miss. 2015), "a second or subsequent challenge to the same revocation decision is barred as a successive motion under Section 99-39-23(6)." Applying that principle to the case before it, the Court held that, although based upon different grounds, "Fluker's second post-conviction challenge to the same revocation decision that he attacked in his first motion for PCR was barred as a successive pleading under Section 99-39-23(6)." *Id.* The same principle applies here. Based

7

upon the record and the applicable law, we affirm the circuit court's determination that Gunn's second PCR motion challenging the same revocation decision that he challenged in his first PCR motion was procedurally barred as a successive writ under section 99-39-23(6).

## II. Fundamental Rights Exception to the UPCCRA's Procedural Bar

¶19. We recognize that errors affecting fundamental rights are excepted from the UPCCRA's procedural bars. *Rowland v. State*, 42 So. 3d 503, 507 (¶9) (Miss. 2010); *see Fluker*, 170 So. 3d at 475 (¶11). "[O]nly four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). Gunn, as the movant, bears the burden of proving an exception applies to the UPCCRA's procedural bars. *Brandon v. State*, 108 So. 3d 999, 1004 n.3, 1006 (¶¶12, 23) (Miss. Ct. App. 2013). The record reflects that Gunn failed to meet this burden.

¶20. Based upon the foregoing, we affirm the circuit court's dismissal of Gunn's second PCR motion because it is barred as a successive writ.[3]

¶21. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] *See* Miss. Code Ann. § 99-39-23(6); *Fluker*, 170 So. 3d at 475 (¶10).