# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00608-COA

**JOE O'NEAL A/K/A JOE WESLEY O'NEAL**         **APPELLANT**
**A/K/A JOE W. O'NEAL**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

DATE OF JUDGMENT:     04/10/2018
TRIAL JUDGE:     HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:     TISHOMINGO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     JOE O'NEAL (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
    BY: BILLY L. GORE
NATURE OF THE CASE:     CIVIL - POST-CONVICTION RELIEF
DISPOSITION:     AFFIRMED - 04/02/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Joe O'Neal pleaded guilty to aggravated assault and, by an order dated May 28, 2009, O'Neal was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with twelve months' credit for time served and the remaining nineteen years suspended, pending O'Neal's good behavior. The sentencing order further provided that O'Neal "shall be placed under [post-release supervision (PRS)] upon the release from the term of incarceration for a period of [five] years." At the request of O'Neal's MDOC field officer, O'Neal was discharged from his PRS on January 20, 2011, based upon his good behavior.

¶2. In September 2011, O'Neal was indicted for a second aggravated assault charge. Based upon this new charge, on October 20, 2011, the trial court revoked O'Neal's suspended sentence relating to his first aggravated assault conviction and sentenced O'Neal to serve nineteen years in the custody of the MDOC (the October 20, 2011 revocation order). O'Neal pleaded guilty to his second aggravated assault charge, and the trial court sentenced O'Neal to serve twenty years in the custody of the MDOC, sixteen years suspended, and five years of PRS, to run consecutively to the first aggravated assault sentence.

¶3. O'Neal filed a motion for post-conviction relief (PCR) challenging the legality of the nineteen-year sentence imposed under the trial court's October 20, 2011 revocation order entered on his first aggravated assault conviction. The trial court found that this was O'Neal's third PCR motion and was therefore a successive writ. The trial court further found that O'Neal failed to demonstrate that he met any exception to the successive-writ procedural bar.

¶4. In his pro se appeal, O'Neal seeks reversal of the trial court's dismissal of his third PCR motion, asserting that (1) reinstatement of the entire nineteen-year suspended sentence was illegal because he was not given credit for his PRS time; and (2) reinstatement of his nineteen-year sentence constituted double jeopardy. We affirm the trial court's dismissal of O'Neal's third PCR motion for the reasons addressed below.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶5. On November 12, 2008, O'Neal pleaded guilty to aggravated assault in Tishomingo County Circuit Court, cause number CR08-103. On May 28, 2009, O'Neal was sentenced

2

to twenty years in the custody of MDOC, with twelve months' credit for time served,[1] nineteen years "suspended pending [O'Neal's] future good behavior and [that] he violate no city, county, state or federal laws," and five years of PRS. On January 20, 2011, an MDOC field officer petitioned the trial court to terminate O'Neal's PRS due to O'Neal's good behavior. The court granted the motion and terminated O'Neal's PRS on the same date.

¶6. In September 2011, O'Neal was indicted on a second aggravated assault charge in cause number CR11-148.[2] For this reason, on October 20, 2011, the trial court revoked O'Neal's suspended sentence in cause number CR08-103 and sentenced O'Neal to serve nineteen years in the custody of the MDOC. O'Neal pleaded guilty to his second aggravated assault charge in cause number CR11-148, and on January 10, 2012, the trial court sentenced O'Neal to twenty years in the custody of the MDOC, with sixteen years suspended and five years of PRS. The trial court further ordered that this sentence was to run consecutively to the sentence imposed in CR08-103.

¶7. On June 15, 2017, O'Neal filed a PCR motion challenging the validity of the sentence imposed under the October 20, 2011 revocation order entered on his first aggravated assault charge in cause number CR08-103. The trial court found that O'Neal had previously filed two PCR motions, as follows:

---

[1] Although the trial court's May 28, 2009 sentencing order does not specify the amount of "time served" credited by the court, we take judicial notice that O'Neal was credited for twelve months time served, as set forth in the facts in *O'Neal v. State*, 156 So. 3d 353, 354 (¶1) (Miss. Ct. App. 2014) (*O'Neal I*).

[2] This cause was originally numbered CR11-018, but later renumbered CR11-148. For consistency we will refer to this conviction as cause number CR11-148.

3

On April 15, 2013, the Court entered an Order denying the [first] PCR. On July 15, 2014, the Mississippi Court of Appeals affirmed this Court's decision [*O'Neal v. State*, 156 So. 3d 353 (Miss. Ct. App. 2014) (*O'Neal I*)]. The Mississippi Supreme Court denied the Petitioner's Writ of Certiorari on January 29, 2015. [*O'Neal v. State*, 154 So. 3d 33 (Miss. 2015) (Table)]. Subsequently, on February 23, 2016, this Court dismissed the Petitioner's second Petition for Post-Conviction Collateral Relief.

¶8. O'Neal's third PCR motion, the trial court found, was procedurally barred as a successive writ because it did not meet any of the exceptions under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015). The trial court specifically found that "[w]hile [O'Neal] has asserted that his sentence is illegal, this issue has been previously addressed by this Court, the Court of Appeals and the Mississippi Supreme Court." For these reasons, the trial court summarily dismissed O'Neal's third PCR motion.

¶9. O'Neal appealed. Finding no error, we affirm.

## STANDARD OF REVIEW

¶10. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018).

## DISCUSSION

### I. Procedural Bars

¶11. The Uniform Post Conviction Collateral Relief Act (UPCCRA) imposes a bar against successive writs. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and

4

shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."). In this case, the trial court's order provides that O'Neal had two previously-filed post conviction relief motions. Although these PCR motions are not in the record before us, the trial court's order set forth the date when the trial court denied O'Neal's first PCR motion and also provided that this judgment was affirmed by this Court. *See O'Neal v. State*, 156 So. 3d 353 (Miss. Ct. App. 2014) (*O'Neal I*). The trial court's order also set forth the date when the trial court dismissed O'Neal's second PCR motion. As we held in *Grogan v. State*, 89 So. 3d 617 (Miss. Ct. App. 2011), we may take judicial notice of the trial court's two previous orders denying or dismissing O'Neal's PCR motions, *id.* at 622 (¶13), and these orders "[are] the final judgment[s] that bar[] the filing of a successive motion, such as [O'Neal's] present PCR motion, unless he demonstrates an exception to the statutory bar." *Id.* at 621 (¶10).

¶12. We also find that O'Neal's third PCR motion is time-barred. The UPCCRA provides that PCR motions must be filed within three years after entry of the judgment of conviction where a guilty plea has been made. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). O'Neal challenges the revocation order reinstating the nineteen-year suspended sentence on his first aggravated assault conviction. The judgment of conviction on his first assault was entered on May 28, 2009. O'Neal's third PCR motion was not filed until June 27, 2017—over five years past the three-year limitations period. Even if the limitations period were calculated on the judgment of conviction entered on O'Neal's second aggravated assault, that judgment was entered on January 10, 2012—over two years past the three-year limitations period. On

its face, O'Neal's third PCR motion was untimely filed.

¶13.   We recognize that the UPCCRA sets forth a number of exceptions to these procedural bars, including, in relevant part, those cases in which the movant claims "[t]hat his sentence has expired; his probation, parole[,] or conditional release [was] unlawfully revoked; or he is otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5 (Rev. 2015). The trial court found that no exception to the UPCCRA applied, and dismissed O'Neal's third PCR motion as a successive writ.[3]   O'Neal, as the movant, bears the burden of proving by a preponderance of the evidence that his claim is not time-barred or barred as a successive writ. *Gunn*, 248 So. 3d at 941 (¶16); *Brandon v. State*, 108 So. 3d 999, 1004 n.3 (¶12) (Miss. Ct. App. 2013).

¶14.   Based upon our review of the record, and this Court's decision in *O'Neal I*, we agree that O'Neal failed to meet his burden of proving that his third PCR motion meets an exception to the procedural bars under the UPCCRA. In his first PCR motion, O'Neal challenged the reinstatement of his nineteen-year suspended sentence under the October 20, 2011 revocation order entered in cause number CR08-103[4]—the same revocation order that O'Neal challenged in his third PCR motion. The Mississippi Supreme Court recognized in

---

[3] As noted above, in its order, the trial court recognized that the UPCCRA sets forth a number of exceptions to the successive-writ bar, and then determined that although O'Neal asserts in his present PCR motion that his sentence was illegal, that issue had been previously addressed in O'Neal's first PCR motion. The trial court's denial of that motion was affirmed by this Court in *O'Neal I*.

[4] *See O'Neal I*, 156 So. 3d at 354-55 (¶¶1-3). O'Neal's first and second PCR motions and related pleadings are not in the record. In affirming the trial court's denial of O'Neal's first PCR motion in *O'Neal I*, however, this Court detailed the issues raised in that motion, and addressed each one on the merits.

6

*Fluker v. State*, 170 So. 3d 471 (Miss. 2015) that "a second or subsequent challenge to the same revocation decision is barred as a successive motion under Section 99-39-23(6)." *Id.* at 475 (¶10). The court found that although Fluker's second PCR was based upon different grounds, he challenged "the same revocation decision that he attacked in his first motion for PCR." *Id.* Accordingly, the court held that Fluker's second PCR motion "was barred as a successive pleading under section 99-39-23(6)." *Id.*; *see Gunn*, 248 So. 3d at 941-42 (¶18) (finding that Gunn's second PCR motion challenging the same revocation decision that he challenged in his first PCR motion, albeit on different grounds, was procedurally barred as a successive writ).

¶15.   This principle also applies here. Although in *O'Neal I* O'Neal did not assert that he should have been credited for the time he spent in PRS, the relevant fact is that O'Neal's third PCR motion challenges the same revocation order that he challenged in his first PCR motion. For this reason, his third motion is procedurally barred as a successive writ under section 99-39-23(6). *Gunn*, 248 So. 3d at 941-42 (¶18); *Fluker*, 170 So. 3d at 475 (¶10).

## II.   Fundamental Rights Exception to the UPCCRA's Procedural Bars[5]

¶16.   "[E]rrors affecting fundamental rights are [also] excepted from the UPCCRA's procedural bars." *Gunn*, 248 So. 3d at 942 (¶19). "[A] mere assertion of a constitutional-right violation[, however,] does not automatically preclude the application of the procedural

---

[5] We acknowledge that the State has asserted that O'Neal's claims are barred by the doctrine of res judicata. The Mississippi Supreme Court has held, however, that "neither the common law nor our own constitutional law applies the doctrine of res judicata to constitutional claims." *Smith v. State*, 149 So. 3d 1027, 1032 (¶11) (Miss. 2014), *overruled on other grounds by Pitchford v State*, 240 So. 3d 1061 (Miss. 2017); *see also Sims v. State*, 227 So. 3d 1167, 1169 (¶7) (Miss. Ct. App. 2017).

bars." *Stokes v. State*, 238 So. 3d 631, 634 (¶10) (Miss. Ct. App. 2018). Relevant in this case, the Mississippi Supreme Court has found that the right to be free from an illegal sentence and the right against double jeopardy are two types of fundamental rights that survive PCR procedural bars. *Perry v. State*, 233 So. 3d 750, 760 (¶25) (Miss. 2017); *Chapman v. State*, 167 So. 3d 1170, 1176 (¶19) (Miss. 2015). O'Neal, as the movant, bears the burden of proving that a fundamental rights exception exists. *Gunn*, 248 So. 3d at 942 (¶19). As detailed below, we find that O'Neal has failed to meet this burden in this case.

### A.  Illegal Sentence

¶17.  O'Neal asserts that the trial court imposed an "illegal sentence" because it reinstated his nineteen-year suspended sentence on his first aggravated assault without allowing credit for O'Neal's five-years' PRS imposed under the original sentence. Specifically, O'Neal asserts that even though he only spent approximately twenty months on PRS,[6] he should be credited for the full five-years' PRS because his PRS was terminated based upon his good behavior. Alternatively, O'Neal argues that, at the very least, he should have been credited for the approximately twenty months he spent on PRS. We find no merit in either of these assertions. As the Mississippi Supreme Court and this Court have held, a defendant is not entitled to credit toward a suspended sentence for time spent on PRS. *Schwend v. State*, 996 So. 2d 174, 175 (¶7) (Miss. Ct. App. 2008) ("[T]ime spent on PRS may not be credited toward a sentence that results from the revocation of PRS."); *Fluker v. State*, 2 So. 3d 717, 720 (¶12) (Miss. Ct. App. 2008); *Johnson v. State*, 802 So. 2d 110, 112 (¶10) (Miss. Ct. App.

---

[6] O'Neal was on PRS from May 28, 2009 to January 20, 2011, which amounts to 19 months and 23 days (602 days).

8

2001); *see also Carey v. State*, No. 2018-CP-00303-COA, 2019 WL 192330, at *2 (¶5) (Miss. Ct. App. Jan. 15, 2019).

### B. Double Jeopardy

¶18. O'Neal also asserts that his constitutional rights were violated because reinstatement of his nineteen-year suspended sentence relating to his first aggravated assault conviction is double jeopardy. O'Neal made the same argument in *O'Neal I*. This Court rejected O'Neal's double jeopardy claim there as follows:

> When reinstating a suspended sentence:
>
>> The court may not impose a sentence greater than the original sentence, but can sentence the defendant to the full original sentence if it deems such an action necessary. Only if the court attempts to administer a longer sentence than what was originally conferred upon the defendant will it be considered double jeopardy.
>
> *Brunson v. State*, 796 So. 2d 284, 287 (¶14) (Miss. Ct. App. 2001) (internal citations omitted) (citing *Johnson v. State*, 753 So. 2d 449, 455 (¶15) (Miss. Ct. App. 1999)).
>
> Here, the trial court reinstated the nineteen years of O'Neal's sentence that it had originally suspended. Because the court did not attempt to administer a longer sentence than the original suspended sentence, the sentence is not considered double jeopardy. This issue is without merit.

*O'Neal I*, 156 So. 3d at 356 (¶13). This same holding applies to O'Neal's identical double jeopardy claim here.

¶19. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR**.

9